```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                            :

LOUIS S. COLANGELO                :    BK No. 09-12794
BARBARA A. COLANGELO                   Chapter 13
          Debtors
- - - - - - - - - - - - - - - - -x
```

**ORDER**

Heard on November 19, 2009, on the Chapter 13 Trustee's Amended Objection to Confirmation of the Debtors' Chapter 13 Plan (Doc. No. 22), and on the Debtors' (alternative) Motion to Stay the confirmation hearing (Doc. No. 28). Trustee filed a Memorandum of Law in support of his objection to confirmation on October 1, 2009 (Doc. No. 23). The issues in this case appear to be within the scope of this Court's decision in *In re Burbank*, 401 B.R. 67 (Bankr. D.R.I. 2009), which is presently on direct appeal to the Court of Appeals for the First Circuit, and there is no stay pending appeal. The Trustee's request that I should revisit *and reverse* my decision in *Burbank*[1] is rejected.

While similar issues are before appellate courts whose rulings would probably be dispositive here, *In re Lanning*, 545 F.3d 1269 (10th Cir. 2008), *cert. granted*, 78 U.S.L.W. 3251 (U.S. Nov. 2, 2009)(No. 08-998); *In re Burbank*, 401 B.R. 67, *appeal docketed*, Nos. 09-1776, 09-1777 (1st Cir. June 4, 2009). The Debtors have not shown (or even

---

[1] A hallmark of bankruptcy court administration is the priority accorded to time sensitive matters, so that the rights of parties do not "die on the vine" and become moot during time consuming appellate proceedings. *See generally, In re Pearlman*, 360 B.R. 19, 21 (Bankr. D.R.I. 2006)(discussing the general principle that "the time limits and deadlines established in the Bankruptcy Code and Rules are strictly enforced in order to (1) ensure the efficient administration of bankruptcy cases....").

BK No. 09-12794

alleged reasons) why this bankruptcy level matter should be held in suspense waiting for appellate rulings. *See In re Mirajard and Sons, Inc.*, 201 B.R. 23, 26 (Bankr. D. Mass. 1996). The test for the issuance of a stay pending appeal is generally the same as the standard for the issuance of a preliminary injunction. *Id.* Specifically, the Movant must show:

> (1) there is likelihood of success on the merits of the appeal;
>
> (2) the moving party will suffer irreparable harm if a stay is not granted;
>
> (3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and
>
> (4) the public interest would not be adversely affected by the issuance of the stay.

*Id.*

Accordingly, the Trustee's objection is **OVERRULED,** the Plan is confirmed as proposed by the Debtor, and the Chapter 13 Trustee is **ORDERED** to submit a Confirmation Order. The Debtors' Motion to Stay the Confirmation Hearing is rendered moot by this ruling, and is **DENIED**.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 4th day of December, 2009.

*/s/ Arthur N. Votolato*
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 12/4/09

2